[No. G037601. Fourth Dist., Div. Three. Mar. 27, 2007.]

In re KEVIN N. et al., Persons Coming Under the Juvenile Court Law.
ORANGE COUNTY SOCIAL SERVICES AGENCY, Plaintiff and
Respondent, v.
DUOC N., Defendant and Appellant.

Counsel

Robert McLaughlin, under appointment by the Court of Appeal, for Defendant and Appellant.

Benjamin P. de Mayo, County Counsel, Dana J. Stits and Jeannie Su, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for Minors.

Opinion

**BEDSWORTH, J.**—Duoc N., who is incarcerated, appeals from a disposition order that denied him reunification services for his two children, Kevin N. and Katie N. He argues the trial court mistakenly believed services were limited to six months, and it failed to make a required finding on whether services would be detrimental to the children. We agree the court misapprehended the applicable time limit and omitted a required finding. We therefore reverse.

\* \* \*

In May 2006, the Orange County Social Services Agency (SSA) detained Kevin (15), Katie (12), and their four younger siblings, the youngest of whom was one year old. Vicky T. is the mother of all of the children, but they have four different fathers.

SSA filed a dependency petition that alleged Vicky's live-in boyfriend had sexually abused Katie and a younger sister, the remaining children were at risk of sexual abuse, and Duoc was unable to protect Kevin and Katie because he was incarcerated. (Welf. & Inst. Code, § 300, subd. (d).)[1]

The jurisdiction and disposition hearing was held in August 2006. SSA reported Duoc has been in and out of prison for the past 20 years on burglary and theft charges. Duoc's current incarceration (for burglary) dates to January 2004, and he will be eligible for parole in October 2007.

A social worker interviewed Duoc by telephone and again when he appeared on a prior hearing date. Duoc said he did not know Katie was being molested. He claimed to have cared for Kevin and Katie "sporadically" when he could, "every weekend from 2001 to 2003, and the summer of 2001,"

---

[1] All subsequent statutory references are to the Welfare and Institutions Code.

explaining he had custody issues with Vicky. Duoc wanted custody of his children, did not want to return to prison, and was in a cellblock where he could attend a parenting class. According to a prison counselor, anger management counseling was available, along with a prerelease program. Kevin and Katie visited Duoc once when he was in local custody. Katie said she did not want to visit again because the wait was too long, but she was interested in writing to Duoc.

SSA recommended against reunification services for Duoc. It said services would be detrimental to Kevin and Katie. The assigned social worker pointed out that Duoc's relationship with the children had been sporadic, he had not seen them for a few years, any bond between them was minimal, and he was serving a long prison sentence. At the hearing, SSA argued services would be useless. Its theory was the court could only offer six months of services because one of the siblings was under three years old (§ 361.5, subd. (a)(3)), and Duoc would be incarcerated beyond that time.

Minors' counsel also opposed services. Counsel argued that offering services to Duoc would leave the children in limbo without any realistic prospect of reunification even if services were provided for 18 months. Minors' counsel also stated that he believed Duoc was *not* asking for custody. Whether intentionally or by oversight, Duoc did not dispute this assertion. Duoc's position was that the court was not required to limit services to six months, an incarcerated parent is entitled to services unless they are detrimental to the children (§ 361.5, subd. (e)(1)), and the evidence showed no detriment.

The juvenile court declined to order services for Duoc. It found that only six months services were authorized, "and applying that time line, it would certainly be futile to provide the services because father can't have the children back because he is still in custody." Alternatively, the court found that even if services could be provided for 18 months, Duoc would be released only a month before the 18 months expired. In that situation, it said, "[t]here is a very substantial argument for services being futile because . . . your E.M.R. date is so very, very close to the release date, and that you have someone . . . who has had commitment after commitment in the past, has had minimal contact with the children, and . . . would have to make up so much lost time within that very short period of time that I think it would be very speculative that there would be a . . . substantial probability of return."

The court sustained the petition, removed the children from parental custody, and ordered reunification services for Vicky.

## I

Duoc argues the juvenile court misread the law when it concluded services were limited to six months. He is right.

Section 361.5, subdivision (a)(3) provides as follows. "For the purpose of placing and maintaining a sibling group together in a permanent home should reunification efforts fail, for a child in a sibling group whose members were removed from parental custody at the same time, and in which one member of the sibling group was under the age of three years on the date of initial removal from the physical custody of his or her parent or guardian, court-ordered *services to some or all* of the sibling group *may be limited* to a period of six months from the date the child entered foster care. . . ." (Italics added.) "May," not "shall."

Section 361.5, subdivision (e)(1) deals with services to an incarcerated parent or guardian: "If the parent or guardian is incarcerated or institutionalized, the court *shall order reasonable services unless* the court determines, by clear and convincing evidence, *those services would be detrimental to the child.* In determining detriment, the court shall consider the age of the child, the degree of parent-child bonding, the length of the sentence, the nature of the treatment, the nature of the crime or illness, the degree of detriment to the child if services are not offered and, for children 10 years of age or older, the child's attitude toward the implementation of family reunification services, and any other appropriate factors. Reunification services are subject to the applicable time limitations imposed in subdivision (a)." (Italics added.)

██ The language of section 361.5, subdivision (a)(3) is unmistakable that the juvenile court is not *required* to limit services to six months when one member of a sibling set is under three years old. Services *may* be limited to six months, and the limitation *may* apply to *some* of the siblings or to *all* of them. That is the plain meaning of the statute, and there is no room to read it otherwise.

The issue that must be addressed by the juvenile court is how important it is to keep this sibling group together, on the same reunification schedule, in the event it turns out they cannot be returned to Vicky's custody. The answer is not readily apparent. We note some of the factors to be considered, with the caveat that our list is not meant to be exclusive. For example, there is a wide age gap between Kevin and Katie and their one-year-old sibling, they have different fathers, and there is a question whether the siblings would be adoptable as a group if reunification fails. If the juvenile court should decide it is *not* important to keep the siblings together, that would point toward not limiting services to six months for Kevin and Katie. On the other hand, if it

should determine Kevin and Katie share a strong bond with their siblings, in particular the youngest child, then it might make sense to keep them together and limit services for all of them to six months. There is no easy answer, but whatever the answer, it requires a factfinding that must be made by the juvenile court.

SSA argues that section 361.5, subdivision (a)(3) limits services to six months. We do not understand how it can do so in the face of the plain language of the statute. And we can find no explanation in SSA's brief, since it simply argues the statute mandates six months of services without venturing to explain where it finds such language. We are unable to find such a limitation and unable to read it into the time limitation we do find.

SSA also argues the juvenile court correctly determined the siblings should be kept together on the same reunification schedule when it denied services to Duoc. But no such finding was made. SSA has not provided any record reference to support its argument, and as far as we can tell from the record, the issue was never considered or decided by the juvenile court. We agree this was an issue that had to be addressed, and we would certainly consider it the basis of a definitive resolution of the case. But in the absence of any indication it was considered, it is merely another reason the denial of services must be reversed.[2]

II

Duoc argues the evidence shows that offering him reunification services would not be detrimental to Kevin and Katie. SSA counters that the juvenile court found services would be detrimental when it labeled them as futile, and substantial evidence supports the finding. Both miss the point.

The problem is the juvenile court did *not* consider the detriment question. It found services would be futile even if offered for 18 months, because Duoc would only get out of prison a month before that period ended. But that is not the same as finding services would be *detrimental* to the children. Reunification services *must* be offered to an incarcerated parent *unless* the juvenile court finds services would be *detrimental to the child.* (§ 361.5, subd. (e)(1).) The focus is on the child, and there must be a finding of detriment before an incarcerated parent may be denied services. The

---

[2] SSA requests that we take judicial notice of postjudgment evidence, in this instance the six-month review order that terminated reunification services for Vicky and set a permanency planning hearing. It contends that shows the earlier decision was correct because the juvenile court subsequently kept the siblings together. The motion is denied. (See *In re Zeth S.* (2003) 31 Cal.4th 396 [2 Cal.Rptr.3d 683, 73 P.3d 541] [postjudgment evidence rarely admissible in juvenile dependency appeals].)

juvenile court never addressed this issue, so the order must be reversed to allow it to do so.

█ The upshot is the juvenile court has discretion whether to limit reunification services for an incarcerated parent to six months when one member of a sibling group is under three years of age. Because the juvenile court believed it was *required to* limit services to six months, and it failed to consider whether offering services to Duoc would be detrimental to the children, the order appealed from must be reversed.

Sills, P. J., and Moore, J., concurred.